UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ERIC BENNETT,

    Plaintiff,

Case No. 17-cv-12249
Hon. Matthew F. Leitman

v.

OBELL T. WINN, *et al.*,

    Defendants.

_____/

**ORDER (1) OVERRULING IN PART AND SUSTAINING IN PART PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF #29); (2) ADOPTING IN PART THE REPORT AND RECOMMENDATION'S RECOMMENDED DISPOSITION (ECF #28); AND (3) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF #18)**

In this civil rights action, Plaintiff John Bennett asserts claims against the following employees of the Michigan Department of Corrections ("MDOC"): Defendants Obell T. Winn, James Zummer, Todd McLean, Michael Norman, Shearman Simpson, Marvin Sanders, Karin Florey, Wendt Wright, and Jason Deshais. Bennett asserts that, during his incarceration at the Saginaw Correctional Facility ("SRF"), certain Defendants were deliberately indifferent to/failed to protect him from assaults by fellow inmates in violation of the Eighth Amendment of the Constitution. He also asserts that certain Defendants subsequently retaliated against him for complaining about this indifference/failure to protect. Defendants filed a motion for summary judgment on Bennett's claims. (*See* ECF #18.) On June 6,

1

2018, the assigned Magistrate Judge issued a Report and Recommendation in which she recommends that the Defendants' motion for summary judgment be granted in part and denied in part (the "R&R"). (*See* ECF #28.) Bennett has filed objections to the R&R (the "Objections"). (*See* ECF #29.)

For the reasons explained below, the Court **OVERRULES IN PART** and **SUSTAINS IN PART** the Objections, **GRANTS IN PART** and **DENIES IN PART** Defendants' motion for summary judgment, and **ADOPTS IN PART** the recommended disposition in the R&R.

**I[1]**

**A**

On January 10, 2014, Bennett had an altercation with his cell mate at SRF, Christopher Beal. Bennett alleges that Beal stabbed him with a shank twice. Following that altercation, on February 13, 2014, Bennett filed an internal grievance with the MDOC against some of the Defendants for failing to protect him and for retaliating against him. (*See* ECF #18-3 at Pg. ID 136.) After receiving no response from the MDOC on that grievance, Bennett filed another grievance with the MDOC on March 17, 2014 (the "Grievance"). (*See* ECF #18-3 at Pg. ID 128.) The Grievance was materially the same in substance as the original, and it was given the

---

[1] The R&R provides a detailed factual background for this case. (*See* R&R, ECF #28 at Pg. ID 428-431.) Only the facts relevant to the Objections are recited here.

2

identifier: SRF 2014-03-0420-28E. As described below, there is a dispute as to which Defendants Bennett identified in the Grievance.

B

Bennett filed this action by verified Complaint on July 10, 2017. (*See* Compl., ECF #1.) Bennett asserts that Norman, McLean, Sanders, Florey, Wright, and Winn violated his Eighth Amendment rights by acting with deliberate indifference to the risk that he would be violently assaulted and by failing to protect him.[2] (*See* Compl., ECF #1.) Bennett also asserts that Simpson, McLean, Zummer, Winn, and Deshais violated his First Amendment rights by retaliating against him for complaining about the alleged indifference to his well-being and the alleged failure to protect him. (*See id.*)

The Defendants subsequently filed a motion for summary judgment on Bennett's claims. (*See* Mot. for Summ. J., ECF #18.) Defendants contended that (1) Bennett failed to exhaust his administrative remedies and (2) his claims were barred by the statute of limitations. (*See id.*)

On June 6, 2018, the Magistrate Judge issued the R&R in which she recommended granting in part and denying in part the motion for summary judgment. (*See* R&R, ECF #28.) The Magistrate Judge concluded that Bennett

---

[2] Bennett also brings state-law gross negligence claims for failure to protect against these Defendants on substantially similar grounds as the Eighth Amendment claims.

3

exhausted his claims against Defendants Winn, Wright, and Florey by including them in the Grievance. (*See id.* at Pg. ID 437.) The Magistrate Judge concluded that Bennett failed to exhaust all of his other claims outside of the scope of the Grievance. (*See id.*) She recommended that the Court grant summary judgment in favor of Defendants on these unexhausted claims that were not included in the Grievance. (*See id.*)

The Magistrate Judge finally concluded that "Plaintiff's claims arising from the January 10, 2014, incident are not barred by the statute of limitations." (*Id.* at Pg. ID 428.)

Thus, the Magistrate Judge recommends (1) that the Court deny summary judgment with respect to (a) the Eighth Amendment claims and gross negligence claims against Defendants Winn, Wright, and Florey and (b) the First Amendment claim against Defendant Winn, and (2) that the Court grant summary judgment in favor of Defendants in all other respects.

On July 2, 2018, Bennett filed the Objections. (*See* ECF #29.)

## II

When a party has objected to portions of a Magistrate Judge's R&R, the Court reviews those portions *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *see also Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). The Court has no

4

duty to conduct an independent review of the portions of the R&R to which a party has not objected. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

### III

Bennett makes three objections. The Court considers each objection below.

### A

In his first objection, Bennett objects to one sentence of the R&R. (*See* Obj., ECF #29 at Pg. ID 446.) The sentence provides: "On January 3, Beal confronted Plaintiff regarding his conviction for child molestation as well as the allegation that Plaintiff had snitched on Meredith." (R&R, ECF #28 at Pg. ID 429.) In this sentence, the Magistrate Judge was describing Bennett's allegations. Bennett contends that this sentence is erroneous because he was convicted of criminal sexual conduct, *not* child molestation. (Obj., ECF #29 at Pg. ID 446.) He asks the Court to "modify" the sentence in the R&R at issue. (*Id.* at Pg. ID 457.)

As Bennett seems to acknowledge, this alleged mischaracterization did not affect the Magistrate Judge's legal analysis. (*See id.* at Pg. ID 446.) The Court will resolve Bennett's objection by quoting the relevant allegations in the Complaint:

> 92. On 1/03/2014 (Friday), PLAINTIFF returned from recreation yard. Upon entering cell #111, prisoner Beal was sitting on his bottom bunk with a very serious expression on his face.

> 93. PLAINTIFF, concerned about prisoner Beal's demeanor, asked him, "What's going on bunky?" Prisoner Beal replied, *"Do you know 'Skipp-X' (prisoner Meredith's alias) in Unit #1200?"*
>
> 94. PLAINTIFF did not respond but stood there surprised by the question Beal had just asked him. Prisoner Beal continues, *"I heard you got a Chil-mo (child molestation) case? I also heard you told on Skipp-X about your T.V. coming up stolen? You can't stay in this room home . . . you gotta go!"*
>
> 95. PLAINTIFF nervously responded, *"Yes, I know Skipp-X, he was my bunky. I do have a CSC [Criminal Sexual Conduct] case, but it's not what you think! The woman identified a different suspect as her assailant during a corporeal line-up. I can prove it! My T.V. was returned to me . . . I didn't tell on Skipp-X"*

(Compl. at ¶¶ 92-95, ECF #1 at Pg. ID 17.) These allegations speak for themselves, and their reproduction here is sufficient to address Bennett's concern that the R&R mischaracterized his allegations.

**B**

In his second objection, Bennett argues that he did exhaust his claims against Defendants Sanders, Zummer, and Deshais by including them in the Grievance. The Court concludes that Bennett did include his claim against Deshais in the Grievance but that he did not include his claims against Sanders or Zummer in the Grievance.

6

**1**

The Prison Litigation Reform Act ("PLRA") requires that a prisoner must exhaust all administrative remedies before filing a Section 1983 action. 42 U.S.C. § 1997e(a). Proper exhaustion requires a prison to "compl[y] with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The MDOC has established a three-step process to review and resolve prisoner grievances. "Under the [Michigan] Department of Corrections' procedural rules, inmates must include the '[d]ates, times, places and names of all those involved in the issue being grieved' in their initial grievance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010).

**2**

The Court agrees with Bennett that he exhausted his claim against Defendant Deshais by including that claim in the Grievance. Bennett wrote in the Grievance that he contacted his attorney about the January 10, 2014, stabbing incident on January 17, 2014. (*See* ECF #18-3 at Pg. ID 129.) Bennett writes that, the next day, in response to that complaint, he was subjected to a "'so-called random shake-down'" during which "C/O Deshais 'allegedly' founded [sic] a prison made 'shank and tattoo needle' stuffed in the crevise [sic] of the locked (bunk 500-06) assigned to Mr. Bennett." (*Id.*) Bennett was thereafter disciplined with a Class I ticket and put in Administrative Segregation. (*See id.*) Those allegations are sufficient to give

the MDOC notice that Bennett was accusing Deshais of retaliating against him for complaining about the January 10, 2014 incident.

**3**

Bennett argues that he exhausted his claims against Defendant Sanders by identifying him in the following sentence in the Grievance: "THERE WERE NO SRF CORRECTION OFFICERS STANDING 'ON POST' EITHER IN FRONT OF THE UNIT #600 NOR IN THE CORNER OF THE L-SHAPE WALKWAY DURING MASS MOVEMENT AT THE TIME OF THE STABBING." (ECF #18-3 at Pg. ID 129.) Bennett seems to suggest that Sanders was assigned to, or should have been present at, the scene of the stabbing. And he claims that this sentence reasonably identifies Sanders because (1) he saw Sanders "chatting" with Defendant Wright just before the attack and (2) Sanders admitted he was a "first responder" after Bennett was stabbed. (Obj., ECF #29 at Pg. ID 449.)

The Court is not persuaded that the Grievance sufficiently identifies Sanders. The information in the Grievance did not sufficiently connect Sanders to the scene of the stabbing, nor did the Grievance tie Sanders to the alleged lack of protection from the stabbing. The Grievance did not identify Sanders by name. The evidence Bennett now presents of Sanders' "chatting" near the stabbing and Sanders "first responder" admission was not mentioned in the Grievance. Simply put, the

information Bennett included in the Grievance was not enough to direct the MDOC to Sanders. Accordingly, Bennett failed to exhaust his claims against Sanders.

**4**

Bennett contends that he exhausted his claims against Zummer because he identified Zummer as "SRF staff" in the following paragraph of the Grievance:

> (5). On 01/11/14, at approximately 2330 hrs, Mr. Bennett was discharged form St. Mary's Hospital. He was transported back to Saginaw Correctional Facility (SRF) and placed in Administrative Segregation (AD SEG) for (4) days! There was no explanation given by SRF staff concerning the confinement; no phone calls allowed to family memebers [sic]; only a matress [sic], blanket, and some aspiran [sic] for pain.

(ECF #18-3 at Pg. ID 129.) Bennett argues that this identification was sufficient because he identified SRF "staff" rather than "correction officers," and Zummer was a member of the "staff."

However, merely identifying a class of MDOC employees does not provide fair notice to the MDOC of the identity of the employee implicated in the Grievance. The Grievance does not sufficiently identify Zummer. Thus, Bennett did not exhaust his claims against Zummer.

**C**

In his third objection, Bennett contends that his claims against Defendant McLean should not be dismissed for lack of exhaustion because the grievance

process was unavailable to him with respect to his grievance against McLean. The Court agrees.

The requirement that a prisoner exhaust his administrative remedies does not apply if the process is "unavailable" because of, among other things, prison officials' "machination, misrepresentation, or intimidation." *Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2016).

Bennett has presented evidence that McLean refused his urgent requests to be moved out of his cell with Beal. (*See* Compl. at ¶¶ 102-05, ECF #1 at Pg. ID 18-19.) Bennett further has presented evidence that McLean threatened to transfer him to another facility if he (Bennett) "went behind [McLean's] back" to grieve or complain to SRF administration about the situation with Beal. (*Id.* at ¶106, Pg. ID 19.) Given this threat, there is a factual question as to whether the grievance process was available to Bennett to pursue his grievances against McLean for failing to protect him and then retaliating against him. Accordingly, McLean is not entitled to summary judgment on the ground that Bennett failed to exhaust his claims.

IV

For the reasons explained above, **IT IS HEREBY ORDERED** that:

1. The Objections (ECF #29) are **OVERRULED IN PART** and **SUSTAINED IN PART**;

2. Defendants' Motion for Summary Judgment (ECF #18) is **GRANTED IN PART** and **DENIED IN PART**; and

3. The recommended disposition in the R&R (ECF #28) is **ADOPTED IN PART**.

Based upon the Court's resolution of the Objections, the following claims are proceeding in this action:

- Count One: First Amendment Violations against Defendants McLean, Winn, and Deshais to the extent Bennett's claims arise out of the January 10, 2014, incident with Beal;

- Count Two: Eighth Amendment Violations against Defendants McLean, Florey, Wright, and Winn to the extent Bennett's claims arise out of the indifference to the risk of and/or failure to prevent the January 10, 2014, incident with Beal; and

- Count Three: Gross Negligence against Defendants McLean, Florey, Wright, and Winn to the extent Bennett's claims arise out of the January 10, 2014, incident with Beal.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 14, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 14, 2018, by electronic means and/or ordinary mail.

        s/Holly A. Monda
        Case Manager
        (810) 341-9764