UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ERIC BENNETT,

      Plaintiff,

v.

O'BELL T. WINN,
TODD McLEAN,
KARIN FLOREY,
WENDT WRIGHT, and
JASON DESHAIS,

      Defendants.

_____/

Case No. 4:17-cv-12249
District Judge Matthew F. Leitman
Magistrate Judge Anthony P. Patti

## ORDER DENYING AS MOOT DIRECTOR WASHINGTON AND WARDEN MINARD'S COMBINED MOTION FOR PROTECTIVE ORDER AND TO QUASH (ECF No. 96)

This matter came before the Court for consideration of non-party Michigan Department of Corrections (MDOC) Director Washington and non-party Saginaw Correctional Facility (SRF) Warden Minard's combined motion for protective order and to quash (ECF No. 96) and Plaintiff's response (ECF No. 100). Judge Leitman referred the motion to me for a hearing and determination. (ECF No. 97.) A hearing was held on March 11, 2022, at which Attorney Daniel E. Manville and Assistant Attorney General Austin C. Raines appeared, and the Court held an on the record discussion regarding the motion.

Upon consideration of the motion papers and the oral presentations of counsel, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, non-party Washington and non-party Minard's combined motion for protective order and to quash (ECF No. 96) is **DENIED AS MOOT**.  Namely, Washington and Minard's subpoena-related objections and request to quash are mooted by Plaintiff's February 17, 2022 response, which reflects his intention to withdraw the subpoenas and the 30(b)(6) deposition notices and re-notice them for a time after receipt of the critical incident reports (CIRs).  (ECF No. 100, PageID.1979.)  Also, Washington and Minard's request for a protective order to prevent their depositions is mooted by Plaintiff's counsel's March 11, 2022 representation that any desire to depose Washington and Minard will be sought as witnesses for their knowledge of relevant issues, not as Fed. R. Civ. P. 30(b)(6) MDOC representatives.  If Plaintiff ultimately chooses to seek the depositions of these witnesses before the close of discovery based upon their actual knowledge or individual involvement, the opposing attorneys must have a meaningful, bilateral (face-to-face or video) discussion – specifically as to whether such a deposition should be permitted and, if so, the appropriate scope, and whether there are more knowledgeable or appropriate witnesses – before subpoenas are served and another round of adversarial motion practice ensues.

Their discussions should be informed by *Jackson v, City of Detroit*, No. 05-74236, 2007 WL2225886, at *1 (E.D. Mich. Aug.1, 2007).

**IT IS SO ORDERED.**

Dated: March 11, 2022

_____

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE